73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James F. D'ELIA, Petitioner,
v.
DEPARTMENT OF the Treasury, Respondent.
 No. 95-3738.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1995.
Rehearing Denied Dec. 28, 1995.
 
 Before RADER, Circuit Judge, SMITH, Senior Circuit Judge, and BRYSON, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 Mr. James D'Elia appeals the decision of the Merit Systems Protection Board. When Mr. D'Elia did not prove retaliation for whistleblowing activity, the Board sustained the Internal Revenue Services' reassignment of Mr. D'Elia. Because substantial evidence supports the Board's decision, this court affirms.
 
 
 2
 Mr. D'Elia was a GM-14 Supervisory Computer Specialist with IRS. On June 1, 1992, Mr. D'Elia made an anonymous complaint to IRS that Mr. Mallinger, his immediate supervisor, had given Mr. Koper, a co-worker, preferential treatment and improperly approved Mr. Koper's timesheets. On June 2, without knowledge of Mr. D'Elia's complaint, Mr. Mallinger and his supervisor, Mr. Stalcup, decided to reassign Mr. D'Elia. IRS informed Mr. Stalcup of the anonymous complaints on June 4. Mr. D'Elia told Mr. Stalcup that he was the informant on June 9. The next day Mr. Mallinger informed Mr. D'Elia of his reassignment, effective June 14, 1992.
 
 
 3
 After his reassignment, Mr. D'Elia filed a complaint with the Office of Special Counsel (OSC) contending that he was reassigned based on reprisal for alleged whistleblowing. OSC found that the evidence was insufficient to establish reprisal. Mr. D'Elia appealed to the Board. The Administrative Judge dismissed the appeal finding that Mr. D'Elia did not show any protected whistleblowing activities. The Board eventually found that Mr. D'Elia had engaged in certain protected whistleblowing activity and remanded the case for further proceedings.
 
 
 4
 The Administrative Judge concluded that Mr. D'Elia did not show that his protected activity was a contributing factor in his reassignment. The Administrative Judge found that IRS would have reassigned him even in the absence of the protected activity. The Administrative Judge found that Mr. Mallinger did not have actual or constructive knowledge of Mr. D'Elia's protected activity until well after his reassignment. The Administrative Judge further found that Mr. Stalcup had constructive knowledge on June 4, when he was informed of the anonymous complaints, and actual knowledge on June 9, when Mr. D'Elia identified himself as the complainant. Therefore, the Administrative Judge concluded Mr. D'Elia's June 1 protected disclosure could not have been a contributing factor to the June 2 decision to reassign him. The Board denied review. Mr. D'Elia appeals to this court.
 
 
 5
 This court affirms Board decisions unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1994).
 
 
 6
 In a case involving a protected disclosure, a petitioner must persuade the trier of fact by a preponderance of the evidence that the disclosure was a contributing factor in the adverse personnel action. 5 C.F.R. Sec. 1209.7(a) (1995); Clark v. Department of the Army, 997 F.2d 1466, 1470 (Fed.Cir.1993), cert. denied, 114 S.Ct. 920 (1994). A petitioner may meet this burden by showing that the official taking the agency action actually or constructively knew of the disclosure and acted within such a period of time that a reasonable person could conclude that the disclosure was a factor in the personnel action. See Lewis v. Department of the Army, 63 M.S.P.R. 119, 123 (1994), aff'd, 48 F.3d 1238 (Fed.Cir.), cert. denied, 116 S.Ct. 110 (1995); Gergick v. General Services Administration, 43 M.S.P.R. 651, 660-61 (1990).
 
 
 7
 The Administrative Judge found Mr. Mallinger and Mr. Stalcup decided to reassign Mr. D'Elia before his whistleblowing. The record supports this finding. Thus, the whistleblowing activity could not have contributed to Mr. D'Elia's reassignment. Based on the record, the Board did not err in finding that Mr. D'Elia did not meet his burden of proving that his protected disclosure was a contributing factor in the agency's decision to reassign him.
 
 
 8
 The Board's decision is not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and is supported by substantial evidence. Therefore, this court affirms the Board's decision.